IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JESSIE L. BROWN, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:24-cv-144-CDL-AGH |
| Warden LARRY MITCHELL, *et al.*, | : | |
| Defendants. | : | |

## ORDER & RECOMMENDATION

Plaintiff Jessie L. Brown filed multiple motions seeking various relief from the Court: (1) a motion for a medical evaluation and (2) a motion seeking ruling on the motion for medical evaluation (ECF Nos. 5, 7); (3) a motion to waive the initial partial filing fee (ECF No. 6); (4) a motion seeking further medical treatment (ECF No. 7); (5) a motion asking for a special diet (ECF No. 9); and (6) a motion for a show cause order (ECF No. 10). As explained below, Plaintiff's motion to waive the initial partial filing fee is denied. It is recommended that his remaining motions, which the Court construes as motions seeking injunctive relief, also be denied.

I.   <u>Motion to Waive the Initial Partial Filing Fee</u>

Plaintiff moved for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). The Court granted him leave to proceed *in forma pauperis* ("IFP") and ordered him to pay an initial partial filing fee of $21.80 (ECF No. 4). Plaintiff then filed a motion to waive the initial partial filing fee in which he claims that he is unable to pay the fee because his prison account balance is zero and he has no other means of paying the fee. Pl.'s

Mot. to Waive Initial Filing Fee, ECF No. 6. Plaintiff's initial motion to proceed *in forma pauperis* showed an account balance of three cents. Pl.'s Mot. to Proceed IFP 1, ECF No. 2-1. But it also stated that his average monthly balance for the time that he was incarcerated was $101.89, and his average monthly deposits were $109.00. *Id.* Plaintiff did not attach an account transaction statement to show how he spent his money. *See id.*

Plaintiff has not filed an updated motion to proceed IFP with a new account statement to support his argument that he is unable to pay the filing fee. Consequently, Plaintiff's motion to waive the initial filing fee (ECF No. 6) is **DENIED**, and Plaintiff is again **ORDERED** to pay the $21.80 filing fee. If Plaintiff is unable to pay the fee, he may file a new motion for leave to proceed *in forma pauperis*, supported by an updated account statement, which includes a printout of Plaintiff's account transactions.[1]

II. Motions Requesting Injunctive Relief

Plaintiff filed five additional motions. The first is a motion for a medical evaluation, in which Plaintiff asserts that he has been diagnosed with heart failure, high blood pressure, diabetes, and HIV. Pl.'s Mot. for Med. Evaluation 1, ECF No. 5. Plaintiff states that, due to the lack of a proper diet, he experiences "unexplained

---

[1] If Plaintiff is unable to obtain any of this documentation, he must inform the Court in writing as to the name of any person he spoke to when attempting to receive his certified account statement and transaction statement, the date on which he spoke to them, and the response that he received. If Plaintiff receives a written response that he will not be provided with the documentation, he must submit a copy of such response to this Court.

2

medical problems" that are not addressed by the jail administration. *Id.* Plaintiff asserts that his heart rate has been "up and down." *Id.* Medical staff also saw Plaintiff for blood in his stool, stomach pains, and pains in his testes, but "nothing more has been done." *Id.* at 2. Plaintiff asks for an order requiring that he be evaluated by a heart specialist and a doctor who can order that Plaintiff be put on a medical diet and adjust Plaintiff's medications. *Id.* Plaintiff's second motion asks the Court to enter judgment on the first motion (ECF No. 7).

Plaintiff's third motion also seeks an order regarding medical treatment (ECF No. 8). In this motion, Plaintiff asserts that he is continuing to experience blood in his stool. *Id.* at 1. He asks for an order requiring the jail administration to send him to an outside doctor for medical evaluation and treatment. *Id.* at 2.

Plaintiff's fourth motion is a motion regarding a special diet (ECF No. 9). In this motion, Plaintiff asserts that, five days per week, he receives a sandwich with cold cut meat and cheese and a side of potato chips for his evening meal, and twice per week, he receives a peanut butter sandwich with a side of potato chips for that meal. *Id.* at 1. Plaintiff contends that he should not be given cold cut meats daily because he has heart failure and diabetes. *Id.* at 1-2. Plaintiff asserts that he is also given things that he cannot eat for breakfast and lunch. *Id.* at 2. Plaintiff seeks an order requiring the administrators to provide him with a "correct and healthy" diet. *Id.* at 1.

Plaintiff's fifth motion is a motion for a show cause order (ECF No. 10). In this motion, Plaintiff reiterates his allegations regarding his health problems, asserting that medical saw him and gave him many tests, but that "nothing else is done." *Id.* at 1-2. Plaintiff again seeks an order requiring jail staff to send him to an outside doctor for medical treatment. *Id.* at 3.

Each motion filed by Plaintiff seeks injunctive relief.[2] A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). To be entitled to injunctive relief, a party

> must establish four elements: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest."

*Smith v. Comm'r, Ala. Dep't of Corr.*, 844 F. App'x 286, 289 (11th Cir. 2021) (quoting *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005)). Crucially, "injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Id.* (quotation and citation omitted).

---

[2] As set forth above, Plaintiff has submitted five motions seeking the same or similar relief within a span of only one and a half months. Plaintiff should be aware that such continual and repetitive motions may be considered an abuse of the judicial process, which could result in sanctions. While Plaintiff is permitted to file motions in this case, he should not file multiple motions seeking the same relief without giving the Court the opportunity to rule on the pending motions.

4

At this stage, Plaintiff fails to sufficiently establish a substantial likelihood of success on the merits, as he has yet to identify any objective evidence to support his deliberate indifference to his serious medical needs. Moreover, Plaintiff concedes that medical repeatedly saw him and performed testing. Plaintiff is essentially asking the Court to grant him substantive relief based on his allegations of deliberate indifference alone. But the Court cannot determine, based solely on Plaintiff's unsupported allegations, that he has a substantial likelihood of success on the merits.

For the same reasons, Plaintiff fails to show that his threatened injury outweighs any harm to defendants or that an injunction serves the public interest. Plaintiff asks the Court to grant him relief before the Court conducts a preliminary review of his case or views and considers any evidence regarding his claims. Plaintiff's motion falls short of meeting the prerequisites for issuance of a preliminary injunction, and it is **RECOMMENDED** that Plaintiff's motions (ECF Nos. 5, 7, 8, 9, 10) be **DENIED**.

III. Conclusion

As discussed above, Plaintiff's motion to waive the initial filing fee (ECF No. 6) is **DENIED**, and Plaintiff is **ORDERED** to pay the initial partial filing fee of $21.80 within **FOURTEEN (14) DAYS** of the date of this Order. If Plaintiff is unable to pay the initial partial filing fee, he must file a new motion to proceed IFP within that same time period. Additionally, it is **RECOMMENDED** that Plaintiff's remaining pending motions (ECF Nos. 5, 7, 8, 9, 10) be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Order and Recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation.  Plaintiff may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 31st day of December, 2024.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE